IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

Clarence W. Coleman, III,

Plaintiff,

v. CIVIL NO.: WDQ-06-0256

Phillips Food, Inc.,

Defendant.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Clarence W. Coleman, III, a former employee of Phillips Food, Inc., ("Phillips"), has sued his former employer for racial discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e, *et seq*.

Pending is Phillips's motion for summary judgment. For the following reasons, the motion will be granted.

I. Background

Coleman, an African American, worked in the maintenance department for Phillips. Phillips suspended Coleman on October 8, 2004 for three (3) days allegedly because of a false accusation made by Coleman's supervisor. Compl. ¶ 6. Phillips asserts that the suspension came as a result of repeated tardiness, early departures and absenteeism that first resulted

in an oral warning in July 2004. Supp. Mem. Ex. 4 (Affidavit of James P. Knudson, Phillips Vice President and Director of Human Resources, ¶¶ 10-12). Phillips also issued a written warning on August 2, 2004 following Coleman's additional tardiness. *Id*.

Three weeks after his suspension, John Kucera, a maintenance supervisor at Phillips, found Coleman standing in the basement away from his assigned area and talking on his cell phone. Supp. Mem. Ex. 12 (Kucera Aff. ¶ 3). Coleman walked away from Kucera, who touched Coleman's arm. *Id*. ¶ 4. Coleman's complaint to Human Resources about this incident prompted an investigation, and Kucera was officially reprimanded. Knudson Aff. ¶¶ 13, 14; Kucera Aff. ¶ 6. Coleman alleges that Phillips transferred him from the maintenance department on November 2, 2004 because of his October 30, 2004 complaint. *Id*.

Coleman also alleges that a posting on the Maintenance Department bulletin board contained the phrase "[w]e are working this Saturday, Niggars [sic] do not erase." *Id*. The original note, posted by management, did not contain the offensive word. Supp. Mem. Ex. 15 (Affidavit of David Foster, Maintenance Supervisor at Phillips, ¶ 3). Phillips had never had such an incident and investigated it by having Foster interview the maintenance employees present that day in an effort to identify the culprit; this effort proved futile. Foster Aff. ¶ 4; Knudson Aff. ¶ 16. Coleman brought this action on January 31, 2006.

## II. Analysis

Phillips has moved for summary judgment arguing that: 1) Coleman cannot establish a prima facie case of discrimination; 2) Coleman cannot prove retaliation because he was not engaged in a protected activity; and 3) Coleman refused to appear for his scheduled depositions.

### A. Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 317. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

When dealing with a *pro se* party, the Court construes their complaints liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*. This leniency is greater in civil rights suits. *See id*.

In addition, the Court cannot grant summary judgment based on a *pro se* party's failure to submit supporting affidavits unless he has been given a reasonable opportunity to file them and has been informed that failure to file a response may result in dismissal of his suit. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). An August 29, 2006 letter from the Clerk of the Court warned Coleman of the pendency of Phillips's motion and set a response date.

B. Discrimination

Coleman has alleged that Phillips engaged in racial discrimination during the incident with Kucera. Compl. ¶ 4. Phillips argues that Coleman cannot establish a prima facie case of discrimination because he failed to meet his employer's expectations and cannot show that similarly situated employees of a different race were treated more favorably. Supp. Mem. at 11-12. Moreover, Phillips argues that even if Coleman established the prima facie case he cannot survive summary judgment because he failed to prove that Phillips's explanation is a pretext for racial discrimination. *Id*. at 13.

Coleman may avoid summary judgment by offering "direct or

circumstantial evidence that raises a genuine issue of material fact as to whether. . . race motivated the employer's adverse employment decision." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (2005).

When a plaintiff's supervisor asserted that the plaintiff was not of the caliber to warrant promotion, the Fourth Circuit found the statement too speculative to impute a racial character to it based only on the plaintiff's conjecture. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280-81 (4th Cir.2000). In addition, the Fourth Circuit, in an unpublished opinion, has indicated that the statement "you looked suspicious" alone would be too speculative to support a claim of racial discrimination. *Johnson v. Toys "R" US-Delaware, Inc.*, 95 Fed.Appx. 1, *7 (4th Cir. 2004).

Construed liberally, Coleman's allegations involve race in two instances. First, Coleman identified Kucera as a white person who touched him offensively. Compl. ¶ 4. This allegation alone does not state a discriminatory animus. Second, although Coleman has identified an obviously racist comment, the comment was posted anonymously and Phillips tried to identify the culprit. Foster Aff. ¶¶ 3, 4. The incident was an isolated event. Knudson Aff. ¶ 16. As this allegation would not allow a reasonable jury to infer discrimination, Coleman has failed to present direct or circumstantial evidence of racial

discrimination.

Alternatively, Coleman may proceed under the 'pretext' framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), by establishing a prima facie case of discrimination and demonstrating that the "employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Diamond*, 416 F.3d at 318. The prima facie case alone is not sufficient to allow a plaintiff to avoid an adverse summary judgment ruling unless the employer does not react to the presumption it raises. *Id*.

Construed liberally, Coleman's complaint asserts that Phillips engaged in racial discrimination in Coleman's suspension, transfer, denial of a raise and eventual termination. *See* Compl. ¶¶ 4, 5. The prima facie case for racial discrimination varies to some extent based on the type of discrimination alleged. *McDonnell Douglas*, 411 U.S. at 802 n.13.

1. The prima facie case for discrimination

Generally, to establish a prima facie case of racial discrimination Coleman must show that: 1) he is a member of a protected class; 2) his job performance was satisfactory; 3) Phillips took adverse employment action; and 4) similarly-situated employees outside the protected class received more favorable treatment. *See White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004); *King v. Rumsfeld*, 328 F.3d

145, 149 (2003).

i. Coleman's job performance

Coleman's complaint is devoid of evidence supporting satisfactory job performance. Phillips, however, provided evidence that Coleman was late six times, left five hours early, received an oral warning and was then late six more times over the span of a few months. Knudson Aff. ¶¶ 10, 11. Coleman received a written warning on August 2, 2004. Supp. Mem. Ex. 8. Following this warning, Coleman was late two more times, left early one day and was absent another day; as a result, Phillips suspended him for three days on October 8, 2004. Knudson Aff. ¶ 12; Supp. Mem. Ex. 9. Given the frequency of Coleman's unexplained late arrivals, early departure and absence, a reasonable jury could not find his job performance satisfactory.

ii. The existence of similarly situated employees

In addition, Coleman has failed to demonstrate that similarly situated persons outside the protected class were treated more favorably. In fact, a similarly situated white worker was actually treated more harshly by Phillips; Shawn Jacobi, a white employee, was terminated for excessive tardiness and absenteeism that occurred over a three month period. Knudson Aff. ¶ 17; Knudson Aff. Ex. A. Coleman, however, only received a suspension and transfer before he was ultimately terminated in

December 2005 for not contacting Phillips for nearly five months. Knudson Aff. ¶¶ 10-15.

2. Pretext

Coleman has not provided evidence upon which a reasonable jury could find that Phillips's reasons for its actions were a pretext for discrimination. Accordingly, he has failed to establish liability for racial discrimination.

C. Retaliation

Coleman alleges that Phillips transferred him in retaliation for his complaining about the incident with Kucera. Compl. ¶ 4. Phillips argues that Coleman fails to establish the prima facie case for retaliation because he cannot prove that he engaged in a protected activity. Supp. Mem. at 16.

A plaintiff lacking direct evidence of retaliation may use the *McDonnell Douglas* framework to prove retaliation. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). Coleman must first establish prima facie retaliation and then must show that Phillips explanation for the action was pretextual. *Id*. To prove pretext Coleman would have to show that Phillips's explanation is not believable or to provide other evidence probative of retaliation. *Id.*

1. The prima facie case for retaliation

To establish a prima facie case of retaliation Coleman must

show that: 1) he engaged in a protected activity; 2) Phillips took an adverse employment action against him; and 3) a causal connection exists between the protected activity and the asserted adverse action. *Id.*

i. Coleman's complaint as a protected activity

Coleman alleges that Phillips retaliated against his discrimination complaint, which he filed after the incident with Kucera. Compl. ¶ 4. Phillips responds, arguing that Coleman's complaint did not allege discrimination violative of Title VII. Supp. Mem. at 7.

The statute "provides protection of an employee's opposition activity when the employee responds to an actual unlawful employment practice." *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). The employee's response is protected so long as the employee reasonably believes that the employment practice is unlawful; this issue may be resolved as a matter of law by the Court. *Id*. Unlawful practices include discrimination based on race related to compensation or to terms, conditions or privileges of employment. *Id*.

Coleman's allegations merely identify Kucera as white and focus on the arm contact. The statute protects opposition activity designed "to bring attention to an employer's discriminatory activities." *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 259 (4th Cir. 1998). The

circumstances surrounding the event, however, provide no foundation for a belief that the contact between Coleman and Kucera was racially motivated. Just three weeks after Coleman's suspension, Kucera found him wandering the basement of the plant talking on his cell phone and not "doing anything related to his duties as a maintenance employee." Kucera Aff. ¶ 3. When Kucera addressed him, Coleman ignored Kucera and walked away; at this point, Kucera reached out and touched Coleman's arm. *Id*. ¶ 4. Although Kucera's action was inappropriate, Coleman could not reasonably believe that the act of grabbing his arm was unlawful discrimination under Title VII.

ii. Phillips's alleged adverse employment action

Phillips argues that Coleman's transfer was not the result of adverse employment action sufficient to fulfill the prima facie case.

"[R]eassignment can only form the basis of a valid Title VII claim if [Coleman] can show that the reassignment had some significant detrimental effect on [him]." *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999). Despite Coleman's transfer, his pay did not change and was, in fact, higher than other employees in his new work area. Supp. Mem. Ex. 14 (Affidavit of Stephen Malecki, General Manager for Phillips, ¶ 5). There is also uncontroverted evidence that the reason for the transfer was not retaliatory; in fact, his transfer took Coleman away from Kucera

and placed him in an area where, according to management, he could remain an employee by being more closely supervised. Malecki Aff. ¶¶ 4, 5. A reasonable jury could not find that Coleman's transfer had a detrimental effect on him.

iii. The causal connection

Coleman has failed to establish a connection between either his transfer or his discharge and his complaint. The only evidence suggesting a connection between the transfer and the complaint is Coleman's own allegation; of course, a plaintiff's mere opinions are insufficient. *Mackey v. Shalala*, 360 F.3d 463, 469-70 (4th Cir. 2004). Although a close temporal proximity between the adverse action and the protected activity may satisfy the prima facie case, *Price*, 380 F.3d at 213, Coleman, however, was terminated more than eight months after his complaint. Importantly, his termination also followed a nearly five month period during which Coleman did not contact Phillips.

2. Pretext

Coleman has not contradicted Phillips's evidence that his discipline and dismissal were caused by his unexplained tardiness, early departures and absence, not his race.

D. Failure to participate in Discovery

Phillips argues that they are entitled to dismissal with prejudice because Coleman has twice failed to appear for his

deposition. Such a dismissal is "a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted).

Coleman failed to appear for depositions despite diligent efforts to conduct such discovery by Phillips. Supp. Mem. Ex. 16 (March 16, 2006 letter from Sara Waranch, counsel for Phillips, to Coleman); Supp. Mem. Ex. 17 (March 23, 2006 letter from Waranch to Coleman); Supp. Mem. Ex. 18 (Amended Notice of Deposition scheduled for April 24, 2006); Supp. Mem. Ex. 22 (Second Amended Notice of Deposition scheduled for July 26, 2006). Although Coleman's actions indicate that he was deliberately dilatory, this Court declines to dismiss on this ground given its grant of summary judgment.

## III. Conclusion

As the Court finds no genuine issue of material fact with respect to Coleman's racial discrimination and retaliation claims, Phillips's motion for summary judgment will be granted.

October 3, 2006
Date

/s/
William D. Quarles, Jr.
United States District Judge